UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JEREMY CLARK,

        Plaintiff,

  -against-

C.O. SCOTT PHILLIPS,
SGT. W. ADAM, JR.,
C.O. MARK DOCTEUR,
C.O. JIM WASICKI,
C.O. KEITH MATSON,
C.O. COLLIN DEVLIN and
C.O. S. WOOD,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

<u>Plaintiff Demands</u>
<u>A Trial By Jury</u>

Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of defendants, alleges as follows, upon information and belief:

**THE PARTIES AND JURISDICTION**

1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, plaintiff was a prisoner at the Willard Drug Treatment Campus (Willard), located in the Town of Romulus, County of Seneca, State of New York, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, defendants were and are citizens of the State of New York.

4. That at all times herein mentioned, defendant C.O. Scott Phillips (Phillips) was a correction officer employed at Willard by DOCCS.

5. That at all times herein mentioned, Phillips was acting within the course and scope of his employment as a DOCCS correction officer.

6. That at all times herein mentioned, Phillips was acting under color of state law.

7. That at all times herein mentioned, Sgt. W. Adam, Jr. (Adam) was a sergeant employed at Willard by DOCCS.

8. That at all times herein mentioned, Adam was acting within the course and scope of his employment as a DOCCS sergeant.

9. That at all times herein mentioned, Adam was acting under color of state law.

10. That at all times herein mentioned, defendant C.O. Mark Docteur (Docteur) was a correction officer employed at Willard by DOCCS.

11. That at all times herein mentioned, Docteur was acting within the course and scope of his employment as a DOCCS correction officer.

12. That at all times herein mentioned, Docteur was acting under color of state law.

13. That at all times herein mentioned, defendant C.O. Jim Wasicki (Wasicki) was a correction officer employed at Willard by DOCCS.

14. That at all times herein mentioned, Wasicki was acting within the course and scope of his employment as a DOCCS correction officer.

15. That at all times herein mentioned, Wasicki was acting under color of state law.

16. That at all times herein mentioned, defendant C.O. Keith Matson (Matson) was a correction officer employed at Willard by DOCCS.

17. That at all times herein mentioned, Matson was acting within the course and scope of his employment as a DOCCS correction officer.

18. That at all times herein mentioned, Matson was acting under color of state law.

19. That at all times herein mentioned, defendant C.O. Collin Devlin (Devlin) was a correction officer employed at Willard by DOCCS.

20. That at all times herein mentioned, Devlin was acting within the course and scope of his employment as a DOCCS correction officer.

21. That at all times herein mentioned, Devlin was acting under color of state law.

22. That at all times herein mentioned, defendant C.O. S. Wood (Wood) was a correction officer employed at Willard by DOCCS.

23. That at all times herein mentioned, Wood was acting within the course and scope of his employment as a DOCCS correction officer.

24. That at all times herein mentioned, Wood was acting under color of state law.

25. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth, Fifth, and Fourteenth Amendments to the United States Constitution.

26. That venue is proper in the Western District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

27. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

28. That on January 18, 2020, inside Willard, Phillips brutally assaulted and battered and used excessive force against plaintiff by, among other things, grabbing plaintiff from behind without warning or justification, dragging plaintiff into a room, slamming plaintiff into a wall, and tackling plaintiff to the ground.

29. That immediately following this initial use of force by Phillips, Sgt. Adam and Officers Docteur, Wasicki, Matson, and Devlin, together with Phillips, continued the brutal assault and battery and use of excessive force against plaintiff by, among other things, striking plaintiff multiple times in the head and body and slamming plaintiff's head against a wall.

30. That portions of the aforementioned assault and battery and excessive force occurred after plaintiff already was placed in handcuffs and after plaintiff lost consciousness.

31. That following this assault and battery and use of excessive force by Phillips, Adam, Docteur, Wasicki, Matson, and Devlin, plaintiff was forcibly placed in a van and taken to a medical unit inside Willard.

32. That upon arrival at the medical unit, plaintiff was forcibly removed from the van by Adam and Wood and dropped or slammed to the ground while still in handcuffs.

33. That the aforesaid actions of defendants were undertaken without any legal justification and not in furtherance of any legitimate penological interest.

34. That each of the named defendants observed the aforesaid assault and battery and use of excessive force by their fellow officers, had a reasonable opportunity to intervene to prevent and/or stop the assault and battery and use of excessive force, but deliberately failed and refused to take any steps to do so.

35. That in an attempt to cover up defendants' malfeasance, Phillips and Adam caused Inmate Misbehavior Reports to be issued against plaintiff, falsely charging plaintiff with multiple offenses of which he was innocent and of which defendants knew plaintiff to be innocent.

36. That as a consequence of these false Inmate Misbehavior Reports, plaintiff was unjustly punished, including but not limited to being confined to a Special Housing Unit and suffering a loss of property and privileges.

37. That the aforesaid actions by defendants were intentional, sadistic, and malicious in nature.

38. That the aforesaid actions by defendants were so egregious as to shock the conscience.

39. That as a result of the aforementioned actions of defendants, plaintiff sustained physical and psychological injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, endured atypical and significant hardship in relation to the ordinary incidents of prison life, suffered and continues to suffer economic loss, and was otherwise damaged.

40. That the causes of action alleged herein fall within one or more of the exceptions set forth in Article 16 of New York's Civil Practice Law & Rules with respect to joint and several liability.

## FIRST CAUSE OF ACTION
### (42 USC § 1983: Eighth Amendment)

41. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

42. That the aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

43. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

## SECOND CAUSE OF ACTION
### (42 USC § 1983: Fifth and Fourteenth Amendments)

44. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

45. That the aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the Fifth and Fourteenth Amendments to the US Constitution not to be deprived of liberty or property without due process of law.

46. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

WHEREFORE, plaintiff seeks judgment against defendants, and each of them, for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars, and punitive damages in an amount to be determined by the trier of fact, and plaintiff also seeks attorney's fees against all defendants pursuant to 42 USC § 1988, and plaintiff

seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
        October 30, 2020

                                          Yours, etc.
                                          Sivin, Miller & Roche, LLP

                                          By_____
                                             Edward Sivin
                                          Attorneys for plaintiff
                                          20 Vesey St., Suite 1400
                                          New York, NY  10007
                                          (212) 349-0300